DECISION AND JOURNAL ENTRY
Appellants, Randall and Judy Jones ("Plaintiffs") and William Love II ("Attorney"), appeal an order of the Summit County Court of Common Pleas that granted a motion for sanctions against them. We affirm.
On January 14, 1998, Plaintiffs filed a complaint, prepared by Attorney, in the Summit County Court of Common Pleas. The complaint named appellees, Glenn and Barbara Lackey ("Defendants") as defendants and alleged claims sounding in defamation and breach of contract. Defendants answered the complaint and filed counterclaims and a third-party complaint. The trial court dismissed the third-party complaint; soon thereafter, Defendants dismissed their counterclaims.
On March 18, 1999, the trial court ordered that all discovery be completed by June 15, 1999. On June 9, 1999, Defendants moved to continue the discovery deadline, stating that a large amount of discovery they had received from Plaintiffs and that they needed two or three depositions to follow up on the discovered information. The trial court granted the motion and extended the discovery deadline until September 1, 1999, approximately two weeks before the scheduled date for trial.
A trial management conference was held on September 7, 1999. Attorney and Plaintiffs did not appear. Defendants moved to impose sanctions against Plaintiffs for discovery abuses and frivolous conduct on September 13, 1999. On September 15, 1999, the trial court assessed Attorney $150, as Defendants' attorney fees, for Attorney's failure to appear at the trial management conference. Two days later, on September 17, 1999, the trial court continued the trial that had been set for September 16 and ordered that a hearing be held on Defendants' motion for sanctions on September 21, 1999. The trial court stated that the hearing would be held under R.C. 2323.51 and Civ.R. 11 and 37. Plaintiffs filed a notice of voluntary dismissal under Civ.R. 41(A)(1)(a) on September 20, 1999.
The trial court held the hearing on Defendants' motion as scheduled on September 21, 1999. Plaintiffs and Attorney did not appear. In an order filed October 14, 1999, the trial court granted Defendants' motion for sanctions. The trial court found that Plaintiffs and Attorney engaged in frivolous conduct under R.C. 2323.51 and levied attorney fees in the amount of $3,563 against Plaintiffs and Attorney. Plaintiffs and Attorney appealed to this court.
Plaintiffs and Attorney assert two assignments of error. We shall address each in turn.
First Assignment of Error
 The trial court [erred] in granting the orders of 9-15-99 and 10-14-99 based upon appellees' motions for sanctions which failed to comply with Civil Rule 37(E) requirements.
 In the first assignment of error, Plaintiffs and Attorney argue that the trial court erred by imposing sanctions against them. They contend that the $150 sanction, imposed on September 15, 1999, and the $3,563 sanction, imposed on October 14, 1999, were improper sanctions for discovery abuses under Civ.R. 37(E). Their arguments are not well taken.
Civ.R. 37 governs a trial court's imposition of sanctions for a party's failure to comply with discovery. Civ.R. 37(E) states:
 Before filing a motion authorized by this rule, the party shall make a reasonable effort to resolve the matter through discussion with the attorney, unrepresented party, or person from whom discovery is sought. The motion shall be accompanied by a statement reciting the efforts made to resolve the matter in accordance with this section.
 Plaintiffs and Attorney argue that Defendants' motion for sanctions did not comply with Civ.R. 37(E).
The trial court did not impose sanctions under Civ.R. 37(E). The $150 sanction was imposed for failure to attend a trial management conference one week prior to trial. The trial court imposed the second sanction of $3,563 for frivolous conduct under R.C. 2323.51, not for discovery abuses under Civ.R. 37. As a result, Civ.R. 37(E) was not applicable. The first assignment of error is overruled.
Second Assignment of Error
 The trial court erred when it ordered a hearing on 9-21-99 by order made 9-17-99 a date less than seven days required by Civil Rule 6(D) and sent to appellants' counsel's former office address and not received until three days after the hearing.
 Plaintiffs and Attorney argue in their second assignment of error that the trial court impermissibly shortened the time for Defendants' motion for sanctions to be heard. The trial court's order of September 17, 1999, set the hearing on the motion for September 21, 1999. Plaintiffs and Attorney argue that the time frame set forth by the trial court was not permitted under Civ.R. 6(D). They further argue that the notice was invalid because it was sent to Attorney's prior address after Attorney had moved his place of business and was not received until after the hearing was held. We disagree.
Civ.R. 6(D) states in part: "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court." When a notice from the court is served by mail, service "is complete upon mailing." Civ.R. 5(B).
We conclude that the trial court's order did not contravene Civ.R. 6(D). The trial court set a date for the hearing less than seven days from the date of the order, as permitted by the rule. We also find that the failure to receive the notice prior to the hearing does not require reversal. Attorney did not notify the trial court that he had changed addresses; the trial court cannot be held responsible for Attorney's failure to keep the court abreast of his current address. It must also be noted that in the time between September 21 (the date of the hearing) and October 14 (the date of the trial court's order), Plaintiffs and Attorney took no action on the notice that Attorney admits that he eventually did receive.
We find that the trial court's order setting the hearing on Defendants' motion for September 21, 1999, was not error under Civ.R. 6(D). Accordingly, the second assignment of error is overruled.
The assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 ________________ LYNN C. SLABY
BATCHELDER, P.J., CARR, J., CONCUR.